# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REGINALD SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs- ) | 07 C 6166 |
| ) | |
| SHERIFF OF COOK COUNTY, ) | Honorable John W. Darrah |
| and COOK COUNTY, ILLINOIS, ) | Judge Presiding |
| ) | |
| Defendants ) | |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Now come Defendants, The Sheriff of Cook County and the County of Cook, by their attorney, Richard A. Devine, by his Assistant State's Attorney, Daniel J. Fahlgren, and in answer to Plaintiff's Complaint, state as follows;

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

    ANSWER:   Defendants admit the averments in this paragraph.

2. Plaintiff Reginald Smith is a resident of the Northern District of Illinois.

    ANSWER:   Defendants admit the averments in this paragraph.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to *Carver. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) and because it is responsible for the policies and practices of Cermak Health Services.

ANSWER: Defendants admit the averments in this paragraph.

4. Cermak Health Services is the source of all health care to inmates at the Cook County Jail.

ANSWER: Defendants deny the averments in this paragraph.

5. The Office of the Sheriff and Cook County, through the Executive Director of Cermak Health Services, have the responsibility and duty to develop and to apply policies and procedures to provide medical services to persons confined at the Jail.

ANSWER: Defendants deny the averments in this paragraph.

6. The Office of the Sheriff and Cermak Health Services apply a policy of seizing all prescription medication from incoming detainees.

ANSWER: Defendants admit the averments in this paragraph.

7. The Office of the Sheriff and Cermak Health Services have a practice of delaying access to prescription medication for persons being processed into the jail.

ANSWER: Defendants deny the averments in this paragraph.

8. Plaintiff was admitted to the Cook County Jail as a pre-trial detainee in November of 2005 and was confined at the Jail from on or about November 3, 2005 through on or about November 18, 2005.

ANSWER: Defendants admit the averments in this paragraph.

9. At the time of his admission to the jail, plaintiff had serious health problems: Plaintiff had a long history of high blood pressure and suffered a stroke several years before entering the Jail. As a result of these serious health problems

and in order to maintain his health and well-being, plaintiff had been prescribed and was taking a variety of prescription medications.

ANSWER:   Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph.

10.   While being admitted to the Jail, plaintiff informed the appropriate intake personnel that he was taking three different prescription medications for high blood pressure and that it was essential to his continued health and well-being that he continue to receive these prescribed medications.

ANSWER:   Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph.

11.   As a result of the above described policies and practices of defendants, and notwithstanding his frequent complaints to correctional officers and to employees at Cermak Health Services,  plaintiff was deprived of prescribed medications for the first thirteen days of his incarceration.

ANSWER:   Defendants deny the averments in this paragraph.

12.   The above referred denial of prescribed medication resulted in swelling plaintiff's lower legs, created a serious risk to plaintiff's health, and made plaintiff fearful that he would experience another stroke and die.

ANSWER:   Defendants deny the averments in this paragraph.

**AFFIRMATIVE DEFENSES**

1. Defendants did not violate any of Plaintiff's clearly established constitutional rights, and they are therefore entitled to qualified immunity from Plaintiff's claims.

**JURY DEMAND**

Defendants demand a trial by jury.

                              Respectfully Submitted,
                              RICHARD A. DEVINE

                    By: *Daniel J. Fahlgren*
                              Daniel J. Fahlgren
                              Assistant State's Attorney
                              500 Richard J. Daley Center
                              Chicago, IL 60602
                              6201163